**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DON E. WATKINS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 03-7046

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 02-CV-160-P)

---

Submitted on the briefs:

Marianna E. McKnight of Troutman & Troutman, P.C., Tulsa, Oklahoma,
for Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney, Cheryl R. Triplett, Assistant
United States Attorney, Tina M. Waddell, Regional Chief Counsel, Michael
McGaughran, Deputy Regional Chief Counsel, Robert T. Bowman, Assistant
Regional Counsel, Office of the General Counsel, Region VI, Social Security
Administration, Dallas, Texas, for Defendant-Appellee.

---

Before **O'BRIEN** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

**BALDOCK** , Circuit Judge.

---

Plaintiff-appellant Don E. Watkins appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security disability benefits.[1]  Appellant filed for these benefits on August 25, 2000.  He alleged disability based on osteoarthritis, degenerative disc disease, sleep apnea, diabetes, and hypertension.  The agency denied his applications initially and on reconsideration.

On November 6, 2001, appellant received a de novo hearing before an administrative law judge (ALJ).  The ALJ determined that appellant retained the residual functional capacity (RFC) to perform light work with limitations to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  The ALJ denied benefits for appellant concluding that he was not disabled at step four of the analysis because he could still perform his past relevant work as a social worker.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step sequential process for evaluating claims for disability

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

benefits). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). On appeal, appellant contends that the ALJ erred in the following ways: by failing to apply the correct legal standard to reject or weigh the opinion of appellant's treating physician; by ignoring significant probative evidence in the record that conflicted with his RFC conclusions; and by making a finding of an RFC for light work that was not supported by substantial evidence. Because we conclude the ALJ did not follow the correct legal standards in considering the opinion of appellant's treating physician, we reverse and remand for further proceedings. We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.

Dr. Rowland, the treating physician, diagnosed appellant with degenerative disc disease in 1985. Appellant was referred by one of Dr. Rowland's colleagues to a sleep disorder specialist in 1995 because of sleep apnea. In August 2000, Dr. Rowland diagnosed appellant with minimal degenerative arthritis in his left knee. On October 8, 2001, Dr. Rowland examined appellant again. In a letter

dated October 9, 2001, Dr. Rowland concluded that the nature and severity of appellant's "multiple health problems," including chronic back pain, knee pain, and sleep apnea, rendered appellant "unable to work an eight-hour day doing anything, sitting or standing." Aplt. App. Vol. II at 200. Nonetheless, the ALJ ultimately concluded that appellant could perform "light work," including "considerable walking, standing, and sitting during an 8-hour workday." *Id.* at 14. This RFC determination was consistent with the opinion of the non-examining medical consultant, but not with that of Dr. Rowland.

Under the regulations, the agency rulings, and our case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling 96-2p, 1996 WL 374188, at *5 ; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). Further, the notice of determination or decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5. In this case, the ALJ offered no explanation for the weight, if any, he gave to the opinion of Dr. Rowland, the treating physician. We must remand because we cannot properly review the ALJ's decision without these necessary findings.

The regulations and agency rulings give guidance on the framework an ALJ should follow when dealing with    treating source medical opinions relating to the nature and severity of impairments.  An ALJ should "[g]enerally, . . . give more weight to opinions from [claimant's] treating sources."  20 C.F.R. § 404.1527(d)(2).   In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight."  An ALJ should keep in mind that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record."  SSR 96-2p, 1996 WL 374188, at *2; *see also* 20 C.F.R. § 404.1527(d)(2).

The analysis is sequential.  An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."  SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted).  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.     *Id.*  In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.*  The agency ruling contemplates that the ALJ will make

a finding as to whether a treating source opinion is entitled to controlling weight. In this case, the ALJ obviously did not give Dr. Rowland's opinion controlling weight, but he did not articulate a reason. A finding at this stage (as to whether the opinion is either unsupported or inconsistent with other substantial evidence) is necessary so that we can properly review the ALJ's determination on appeal.

But resolving the "controlling weight" issue does not end our review. In completing the analysis:

> [a]djudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.

SSR 96-2p, 1996 WL 374188, at *4. Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted). After considering the pertinent factors, the ALJ must "give good reasons in [the] notice of determination or decision" for the weight he ultimately assigns the

-6-

opinion. 20 C.F.R. § 404.1527(d)(2). Finally, if the ALJ rejects the opinion completely, he must then give "'specific, legitimate reasons'" for doing so. *See Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996) (quoting *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)).

Here, the ALJ failed to articulate the weight, if any, he gave Dr. Rowland's opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether. We cannot simply presume the ALJ applied the correct legal standards in considering Dr. Rowland's opinion. We must remand because we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion. *See, e.g., Drapeau*, 255 F.3d at 1214.

We remand this case to the district court with instructions to remand to the Commissioner for further proceedings consistent with this order and judgment. The judgment of the district court is REVERSED and REMANDED.