**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERRY ZACHARY,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 03-7032
(D.C. No. 02-CV-003-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sherry Zachary appeals from an order of the district court affirming the Commissioner's decision denying her application for Social Security benefits. Ms. Zachary filed for these benefits on December 21, 1999. She alleged disability based on fibromyalgia, irritable bowel syndrome, and depression with underlying anxiety and panic attacks. The agency denied her application initially and on reconsideration.

On January 22, 2001, Ms. Zachary received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that Ms. Zachary had the residual functional capacity (RFC) to perform a significant range of sedentary work. The ALJ denied Ms. Zachary's application for benefits concluding that she was not disabled at step five of the analysis because she could perform a significant number of jobs in the national economy. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step process for evaluating claims for disability benefits). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). On appeal, Ms. Zachary contends that the ALJ erred in the following ways: by failing to properly consider the treating source and by failing

-2-

to provide specific, legitimate reasons for rejecting opinions and assessments regarding Ms. Zachary's physical and mental impairments as identified by the medical evidence. We affirm.

I

Ms. Zachary argues that the ALJ failed to properly consider the opinion of Dr. Lewis, her treating physician. A treating source opinion is to be given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record . . . ." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (outlining framework for ALJ's controlling weight determination). The ALJ acknowledged this standard in his decision and then went on to find that Dr. Lewis's opinion was not entitled to controlling weight because it was unsupported by medical evidence and it was inconsistent with other evidence in the record. Specifically, the ALJ found that Dr. Lewis's account of Ms. Zachary's limitations did not appear to be a "genuine medical assessment of discrete functional limitations based upon clinically established pathologies." Admin. R. at 31. The ALJ found also that "the degree [Ms. Zachary] is found to be limited in [Dr. Lewis's] consultative examination is quite different from the limitations cited in [Dr. Lewis's] medical source statement." *Id.* In addition to being inconsistent with his own

examination, the ALJ concluded that Dr. Lewis's opinion was also inconsistent with other record evidence, including the analysis of the state agency's reviewing physicians. Based on the inconsistencies in Dr. Lewis's examination and medical source statement, the lack of specific tests and objective evidence to support the opinion and the fact that the opinion was inconsistent with the record as a whole, the ALJ found that Dr. Lewis's opinion was entitled to little weight. Because the ALJ considered the appropriate factors and explained the reasons for the weight he was giving Dr. Lewis's opinion, no legal error occurred. *See Watkins*, 350 F.3d at 1300-01.

II

Ms. Zachary couches her second issue very broadly, but her argument refers solely to the ALJ's consideration of the opinion of one of her consulting physicians, Dr. Mynatt. Ms. Zachary argues that the ALJ erred because he did not consider Dr. Mynatt's opinion and he did not give specific, legitimate reasons for rejecting Dr. Mynatt's opinion. Based on our review of the record, however, the ALJ did not reject Dr. Mynatt's opinion and he gave it the proper consideration.

Ms. Zachary's assertion that the ALJ rejected Dr. Mynatt's opinion appears to be based largely on the fact that Dr. Mynatt assessed Ms. Zachary's present level of functioning at 45 on the Global Assessment Function (GAF) scale. Ms. Zachary argues that "a GAF rating of 45 coupled with other physical

-4-

impairments seriously interferes with Zachary's ability to work." Aplt. Br. at 16. A GAF of 45 indicates "[s]erious symptoms . . . OR any serious impairment in social, occupational, or school functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000). Dr. Mynatt's finding that Ms. Zachary's present level of functioning was 45 did not include any explanation for giving her that rating and did not indicate that Ms. Zachary was unable to work. Ms. Zachary's GAF score of 45 may indicate problems not necessarily related to her ability to hold a job, *see id.*, and therefore standing alone, without any further narrative explanation, this rating does not support an impairment seriously interfering with her ability to work.

Moreover, the ALJ specifically noted and summarized Dr. Mynatt's report, with no indication that he was rejecting the opinion. Admin. R. at 30. Dr. Mynatt's report reflects that Ms. Zachary was oriented in all spheres; she takes no medications; she has some memory problems; she has difficulty in social, recreational and occupational areas, and she is mentally competent to handle her own funds. *Id.* at 165-67. Dr. Mynatt diagnosed Ms. Zachary with dysthymic disorder and generalized anxiety disorder. The ALJ's RFC reflects consideration of Dr. Mynatt's evaluation that Ms. Zachary has some memory difficulties and difficulty with social interaction because the ALJ found that she should be "limited to simple, routine instructions and cannot have contact with the general

public." *Id.* at 29. Although the ALJ did not discuss Ms. Zachary's GAF rating in his RFC determination, he was not required to do so. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy.").

The ALJ included in his findings that he had "carefully considered all of the medical opinions in the record regarding the severity of claimant's impairments (20 CFR § 404.1527)," Admin. R. at 34 and his RFC is not inconsistent with Dr. Mynatt's report. Because Dr. Mynatt is not one of Ms. Zachary's treating sources his opinion "is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003). Accordingly, the ALJ properly considered the opinion of Dr. Mynatt in making his disability determination.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge