**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID PRINCE,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No.  03-7122
(D.C. No. CV-01-695-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE** ,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Prince appeals from an order of the district court affirming the Commissioner's decision denying his application for supplemental security income (SSI) benefits. Mr. Prince filed for these benefits on November 26, 1996. He alleged disability due to severe left arm pain and low back pain. He also alleged disability in part due to a mental impairment. The agency denied his application initially and on reconsideration.

On May 13, 1998, Mr. Prince received a de novo hearing before an administrative law judge (ALJ). On August 21, the ALJ issued a decision finding Mr. Prince not disabled. Mr. Prince appealed the decision and, on July 15, 1999, the Appeals Council remanded the claim to the ALJ for additional proceedings. The ALJ held a second hearing on October 7, 1999. The ALJ issued his decision on March 17, 2000 finding Mr. Prince not disabled and denying his application for SSI benefits. The ALJ denied Mr. Prince's application for benefits concluding that he was not disabled because (1) his mental impairment was not severe within the meaning of the SSI regulations at step two of the analysis, and (2) although he had a severe physical impairment, at step five of the analysis he retained the capacity for work that exists in significant numbers in the national economy. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

(explaining five-step process for evaluating claims for disability benefits). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). On appeal, Mr. Prince contends that the ALJ erred in the following ways: (1) by failing to properly evaluate the evidence provided by the vocational expert (VE); (2) by failing to consider the limitations set forth in the record in making the residual functional capacity (RFC) determination; and (3) by failing to properly consider the medical evidence as to claimant's psychological condition. We affirm.

I.

Mr. Prince contends that the ALJ failed to properly evaluate the evidence provided by the VE; however, the bulk of his argument seems to be that the medical evidence does not support a finding that he can perform a full range of light or sedentary work. The ALJ's RFC assumes that Mr. Prince cannot perform the full range of light or sedentary work so Mr. Prince's argument on that point is without merit. The ALJ determined that Mr. Prince had the following RFC:

> lift 20 pounds occasionally and 10 pounds frequently with the right
> hand and 5 pounds occasionally with the left hand; stand or walk up

> to 1 continuous hour, but no more than 4 hours in an 8-hour work day; sit up to 1 continuous hour, but no more than 4 hours in an 8 hour work day; no overhead reaching or lifting with the left upper extremity; occasional handling with no prolonged gripping with the left hand; no fine manipulations with the left hand. Otherwise he may work on an 8-hour basis with normal breaks.

Aplt. App. at 22. Because the ALJ's RFC determination included additional exertional or non-exertional limitations that would impact Mr. Prince's ability to perform a full range of light work, the ALJ appropriately asked the VE whether there were jobs at the light or sedentary level that could be performed with Mr. Prince's limitations. *Id.* at 20-21, 68-69. The VE identified examples of light, unskilled jobs and sedentary, unskilled jobs that Mr. Prince could perform that were present in significant numbers in the state of Oklahoma and the national economy. *Id.* at 69. Based on the VE's testimony concerning Mr. Prince's limitations, the ALJ found that, although he was not capable of performing the full range of light work, he was capable of performing a significant range of light work. *Id.* at 20-21. The ALJ did not err in his consideration of the VE's testimony.

## II.

Mr. Prince argues that the ALJ's RFC determination fails to properly consider the limitations set forth in the record. In support of this argument, Mr. Prince claims that the ALJ failed to give proper weight to the opinions of his treating physicians. Mr. Prince's argument is somewhat illogical because the ALJ

did give controlling weight to the opinion of his treating physician, Dr. Luann Woods. *See id.* at 18 ("the opinion of Dr. Woods, the claimant's treating physician, is entitled to controlling weight"). Dr. Woods made the following assessments of Mr. Prince's functional abilities in a medical source statement that was submitted with her treatment records: frequently lift/carry 20 pounds; occasionally lift/carry 25 pounds; stand and/or walk with usual breaks for 8 hours, continuously for 1 hour; sit with usual breaks for 8 hours, continuously for 1 hour; left arm limited to push/pull 5-10 minutes an hour; limited in his ability to reach and handle. *Id.* at 303-04. The ALJ's RFC is consistent with Dr. Woods's assessment; and, in some areas, includes more limitations than Dr. Woods's assessment. *Id.* at 19 ("The undersigned has reviewed [] Dr. Woods' assessment, considered it credible and in fact has given the claimant more restrictions in his residual functional capacity."). Mr. Prince appears to argue that the ALJ gave Dr. Woods's opinion too much weight, while giving insufficient weight to her treatment records. The ALJ found that Dr. Woods's assessment was consistent with her treatment records. *Id.* at 18. The ALJ did not err by giving Dr. Woods's opinion controlling weight and by relying on her assessment of Mr. Prince's functional abilities.

Mr. Prince argues also that the ALJ did not properly evaluate the opinion of Dr. Jack Howard. Mr. Prince characterizes Dr. Howard as a treating physician

and he argues that the ALJ did not give good reasons for rejecting Dr. Howard's opinion. First, Dr. Howard is not a treating physician because he only examined Mr. Prince once and he does not provide the only medical evidence for the relevant time period. *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003) ("Absent an indication that an examining physician presented the *only* medical evidence submitted pertaining to the relevant time period, the opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion") (quotation omitted). Second, the ALJ did not reject Dr. Howard's opinion. Dr. Howard concluded that Mr. Prince "has some nerve damage to the hand and some limited range of motion of the hand. He has overall weakness of the left arm. He has throbbing pain. He does have pretty good full range of motion of the shoulder, but he is unable to lift any significant weight over his head." Aplt. App. at 256. The ALJ summarized Dr. Howard's findings, *see id.* at 17; and, consistent with those findings, included the following limitations in Mr. Prince's RFC: "no overhead reaching or lifting with the left upper extremity; occasional handling with no prolonged gripping with the left hand; no fine manipulations with the left hand," *id.* at 22. The ALJ did not err in his treatment of Dr. Howard's opinion.

Finally, Mr. Prince argues that the ALJ erred in evaluating the opinion of the consultative examiner, Dr. Raymund King. Again, the ALJ's RFC appears to

be consistent with Dr. King's evaluation. Dr. King did not offer any specific functional limitations, but he did state that Mr. Prince has some problems with coordination of the left hand. *Id.* at 265. The ALJ's RFC limitations of "occasional handling with no prolonged gripping" and "no fine manipulations with the left hand" are consistent with Dr. King's evaluation. *Id.* at 22. The ALJ did not err in his consideration of Dr. King's opinion.

III.

Mr. Prince argues that the ALJ failed to properly consider the evidence concerning his psychological limitations. Specifically, Mr. Prince contends that the ALJ erred in his consideration of the opinions of Dr. Woods and Dr. Green. As discussed earlier, the ALJ acknowledged that Dr. Woods was claimant's treating physician. A treating source opinion is to be given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record . . . ." 20 C.F.R. § 416.927(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (outlining framework for ALJ's controlling weight determination). Although the ALJ gave controlling weight to Dr. Woods's assessment of Mr. Prince's physical limitations, he did not give controlling weight to her assessment of his mental limitations. Dr. Woods filled out a medical source statement related to Mr. Prince's alleged mental impairment.

In that medical source statement for almost every category she checked the box for "no evidence of limitation in this category" or "not significantly limited." Aplt. App. at 302. Yet, she determined that Mr. Prince would be moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length rest periods. *Id.* The ALJ noted that Dr. Woods had found no evidence of limitations in many work functions or that Mr. Prince would not be significantly limited. The ALJ noted also that Mr. Prince had not sought psychiatric or other mental health assistance for his alleged mental impairment. Dr. Woods's assessment was also inconsistent with the assessment of the consulting physician, Dr. Green. The ALJ determined that Dr. Woods's assessment was entitled to minimal weight because she had never treated Mr. Prince for a mental impairment and because she did not have a speciality in that area. Because the ALJ considered the appropriate factors and explained the reasons for the weight he was giving Dr. Woods's opinion, no legal error occurred. *See Watkins*, 350 F.3d at 1300-01.

In addition, Mr. Prince appears to argue that the ALJ did not give proper weight to Dr. Green's opinion. Dr. Green performed a consultative examination of Mr. Prince. Dr. Green reported that Mr. Prince displayed adequate attention and concentration, and was persistent and able to work, seemingly at an adequate

pace. Aplt. App. at 462. He found that Mr. Prince would only have slight limitations in a work environment, with the exception of a moderate limitation remembering and carrying out complex and/or detailed job instructions. *Id.* at 464-65. Based on Dr. Green's assessment, the ALJ determined that Mr. Prince's mental impairment was non-severe, in other words, Mr. Prince's alleged mental impairment does not significantly limit his ability to do basic work activities. *Id.* at 16. Mr. Prince seems to argue that the ALJ rejected Dr. Green's opinion, but provides no explanation as to how the ALJ's determination is inconsistent with Dr. Green's opinion. Because the ALJ's determination is consistent with Dr. Green's opinion, there is no error.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-9-