**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAUL ARMER,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 05-7119
(D.C. No. CIV-04-268-WH)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Plaintiff Paul Armer seeks a reversal of the Social Security Commissioner's denial of his application for disability benefits. Because we agree with the well-reasoned opinion of the district court, upholding the Commissioner's decision, we exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

## BACKGROUND

Mr. Armer worked as a security guard at an army ammunitions plant for twenty-four years. His last day of work was May 18, 2002. On June 17, 2002, he applied for disability benefits, alleging that he has been disabled since his last day of work due to a variety of ailments. Primarily, he suffers from myasthenia gravis, a disease characterized by muscle weakness and fatigue. He also claims, however, that he is disabled due to diminished hearing, neck pain, back and leg pain with cramping and muscle spasms, left hand cramping, headaches with nausea, stomach pain, ulcers, depression, anxiety, problems sleeping, and fractured ribs. Mr. Armer's disability application was denied initially on December 12, 2002. After his request for reconsideration was also denied, he requested a hearing before an administrative law judge ("ALJ"). That hearing took place on June 18, 2003.

At the hearing Mr. Armer presented medical records from his primary care physician, Dr. Helton, and several specialists, including Dr. Shipley, a neurologist who diagnosed Mr. Armer's myasthenia gravis, and Dr. Brown, a physical medicine and rehabilitation specialist who treated Mr. Armer's back and leg pain.

-2-

He also submitted a Medical Source Statement from Dr. Helton, dated May 23, 2003. In the statement, Dr. Helton checked boxes indicating that Mr. Armer could frequently lift or carry ten pounds; occasionally lift or carry more than fifty pounds; stand or walk two hours in a typical eight-hour workday, but only thirty minutes continuously; and sit for four hours in an eight-hour workday. He also opined, however, that Mr. Armer could not work an eight-hour day and stated that the symptoms of myasthenia gravis are exacerbated by "[e]xcessive heat or cold, overexertion, emotional stress, physical stress, infection, fever, and some medications." Admin. R. at 277.

Mr. Armer testified at the hearing that he experiences lower back pain, neck pain, light headaches, and constant tingling and numbness in his lower legs. He said that he stopped working, however, because of his muscle weakness due to myasthenia gravis. He takes Tylenol on a daily basis to control his pain and Lortab when his pain is particularly bad. He further testified that he suffers from diverticulitis, a disease of the large intestine; stomach pain, especially when on antibiotics; shortness of breath; and allergies.

Mr. Armer also testified about the demands of his former job as security guard. He said the job required him to guard the front gate of the ammunitions plant and drive around the premises to check on other buildings. He also testified that the job involved frequent use of a walkie-talkie, which gave him severe anxiety because his speech was often slurred due to myasthenia gravis, such that

others had difficulty understanding him. To make matters worse, Mr. Armer testified that he is hard of hearing and can barely hear anything if there is background noise, even when he is wearing hearing aids. He said that he finally quit his job because he "just couldn't handle it, stress and not being able to understand people." *Id*. at 392.

On September 9, 2003, the ALJ issued her written decision. She concluded that Mr. Armer was not disabled at step four of the sequential evaluation process, *see* 20 C.F.R. § 404.1520, because despite his severe impairments (myasthenia gravis and degenerative disc disease), he retained the residual functional capacity ("RFC") to perform his past work as a security guard. In making her decision, the ALJ disregarded Dr. Helton's Medical Source Statement because she found that his "assessment, reflect[ed] the claimant's subjective statements with regard to limitations" and was "inconsistent with the objective opinions of treating specialists." Admin. R. at 23. In particular, the ALJ relied on the medical records from Dr. Shipley and Dr. Brown, neither of which she interpreted as identifying any functional limitations or reporting a medical opinion of disability.

Mr. Armer appealed the ALJ's decision to the Appeals Council and submitted additional medical records dating from 1986 to 2003. On April 27, 2004, the Appeals Council issued its decision denying Mr. Armer's request for review. It stated that it had considered Mr. Armer's additional evidence, but found that the "information [did] not provide a basis for changing the

-4-

Administrative Law Judge's decision." *Id.* at 6-7. Therefore, the ALJ's opinion became the final decision of the Commissioner. Mr. Armer then filed a complaint in the district court again seeking reversal of the ALJ's decision. He argued that the ALJ's RFC assessment failed to take into account all of his physical limitations because the ALJ had erroneously disregarded Dr. Helton's opinion. He also challenged the ALJ's credibility assessment and claimed that the Appeals Council had failed to consider his additional evidence.

On September 12, 2005, the magistrate judge issued his Findings and Recommendations, recommending that the district court uphold the Commissioner's decision. The magistrate judge's report contained a detailed discussion of Mr. Armer's medical evidence and concluded that the ALJ's treatment Dr. Helton's opinion was proper. The magistrate judge found that the ALJ had properly considered Dr. Helton's opinion in light of the factors set forth in *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), and had properly rejected the opinion based on contrary medical evidence from Dr. Shipley and Dr. Brown. In addition, the magistrate judge found no reason to second guess the Appeals Council's decision or its statement that it had considered the newly submitted evidence. The magistrate judge went on to explain that, in general, deference must be accorded the ALJ's credibility determination absent an indication that the ALJ misread the medical evidence. The magistrate judge determined that the ALJ had linked her credibility findings

to specific evidence and had explained her findings in detail. He also found that the ALJ had not misread the medical evidence and therefore concluded that the ALJ's credibility assessment was entitled to deference. On October 3, 2005, the district court issued an order affirming and adopting the magistrate judge's Findings and Recommendations and dismissed Mr. Armer's complaint. This appeal followed.

## DISCUSSION

"The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Our review entails a meticulous examination of the record to ensure that the substantiality test has been met, but "we may neither reweigh the evidence nor substitute our judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quotation omitted).

Mr. Armer's appeal largely recounts issues raised in the district court. First, he challenges the ALJ's treatment of Dr. Helton's Medical Source Statement and the resulting RFC determination, which he claims fails to account for all of his physical limitations. Specifically, he argues that the ALJ ignored his hearing loss and breathing problems in formulating the RFC and erroneously

interpreted Dr. Shipley's and Dr. Brown's medical records as being inconsistent with Dr. Helton's opinion. Next, he claims that the Appeals Council compounded the ALJ's errors by failing to appreciate and discuss the significance of his newly-submitted evidence and by denying his request for review with boiler-plate language.[1]

After reviewing the entire record in this case, we agree with the magistrate judge's opinion that the ALJ used the correct legal standards in arriving at her opinion and we further agree that the ALJ's opinion was supported by substantial evidence. In addition, we find no error in the Appeal's Council's decision to summarily deny Mr. Armer's request for review. Therefore, for the reasons stated in the magistrate judge's Findings and Recommendations, dated September 12, 2005, we uphold the Commissioner's denial of Mr. Armer's application for disability benefits.

The judgment of the district court is AFFIRMED.

Entered for the Court


John L. Kane
District Judge

---

[1] Mr. Armer's appeal does not challenge the ALJ's assessment of his credibility.