FILED
United States Court of Appeals
Tenth Circuit

January 23, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PAUL D. WADE,

   Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

   Defendant-Appellee.

No. 07-6154
(D.C. No. 06-CV-785-M)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

  Paul D. Wade appeals from a district court order affirming the

Commissioner's denial of his application for Social Security disability benefits.

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we

reverse and remand.

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Wade's application for disability benefits was denied initially and on reconsideration, after which he requested a hearing before an administrative law judge (ALJ). The ALJ found that Mr. Wade had the following severe impairments: a history of on-the-job injuries to his head, neck, back, and shoulder; diabetes; three surgeries on his left shoulder; carpal tunnel surgery; asthma; hypertension; and right knee surgery. The ALJ determined that he had a residual functional capacity (RFC) for a wide range of light work, based on which he could no longer perform his past relevant work. But the ALJ found that there were other jobs existing in significant numbers in the national economy that Mr. Wade could perform, consistent with his RFC, age, education, and work experience. Thus, the ALJ denied his claim for benefits. The Appeals Council denied review and the district court affirmed the Commissioner's decision.

Mr. Wade filed a timely appeal in this court, in which he raises three claims of error: (1) the ALJ failed to properly evaluate the medical evidence, specifically the opinion of one of his treating physicians; (2) the ALJ failed to properly evaluate his credibility; and (3) the ALJ's RFC determination is not supported by substantial evidence. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). Because we conclude that the ALJ did not follow the correct legal standards in considering the opinion of one

of Mr. Wade's treating physicians, we reverse and remand for further proceedings.

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Id.* at 1300 (quotation and brackets omitted). First, the ALJ must determine whether the treating physician's opinion is entitled to controlling weight. *Id.* If it is not, the ALJ still must assign a weight to the opinion based on the factors provided in 20 C.F.R. § 404.1527(d).[1] *Id.* "After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion. Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* at 1301 (quotations, citation, and brackets omitted).

---

[1] These factors are:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (quotation omitted).

Mr. Wade argues that the ALJ failed to follow this protocol with respect to an opinion of one of his treating physicians. In a letter dated April 1, 2003, Dr. Christopher M. Herndon stated:

> Paul Wade is a 34-year-old white male who was involved in a motor vehicle accident March 21, 2002. He suffered significant injuries with the most serious being herniated disk in his lower back. He was seen by Dr. Tom Eiser, our local Orthopedic Surgeon, who evaluated him and did perform a laminectomy with fusion. In spite of significant post-operative physical therapy and rehabilitation he has had no significant relief of the symptoms in his left leg or the significant recurrent intractable pain.
>
> Because of the pain and numbness in his low back and left leg he is currently unable to perform any type of work.

Aplt. App., Vol. 2 at 471. The ALJ acknowledged Dr. Herndon's letter in her discussion of the medical evidence, but she made no finding whatsoever regarding the weight, if any, that she assigned to his opinion. After noting that a state agency medical consultant stated that Dr. Herndon's conclusion was not supported by the medical evidence, the ALJ never again addressed his opinion in her decision.

The Commissioner argues that Dr. Herndon's opinion is not entitled to controlling weight because his conclusion that Mr. Wade is unable to perform any type of work is tantamount to an opinion that he is disabled, which is an issue reserved to the Commissioner. We agree. *See* 20 C.F.R. § 404.1527(e)(1) & (3) (providing that an opinion the claimant is "unable to work" is not entitled to any "special significance"); SSR 96-5p, 1996 WL 374183, at *5 (stating medical

-4-

source opinion that claimant is "unable to work . . . . can never be entitled to controlling weight"). However, the ALJ was still required to assess the weight of Dr. Herndon's opinion, applying the factors in § 404.1527(d). *See* SSR 96-5p, 1996 WL 374183, at *3 ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored.").

Conceding that the ALJ failed to make an explicit finding regarding Dr. Herndon's opinion, the Commissioner argues that the ALJ's finding regarding the ultimate weight assigned to the opinion is implicit. The Commissioner attempts to illustrate why Dr. Herndon's opinion is inconsistent with the medical evidence. The Commissioner then concludes, based upon the ALJ's RFC determination, that it appears the ALJ did give Dr. Herndon's opinion some credence. But the ALJ herself provided no such analysis. We recently held that an ALJ's failure to explicitly discuss *all* of the § 404.1527(d) factors with respect to a medical opinion does not prevent this court from performing a meaningful review. *Oldham v. Astrue*, No. 07-1087, __ F.3d __, 2007 WL 4285156, at *3 (10th Cir. Dec. 7, 2007). But here the ALJ discussed *none* of the factors and made no finding as to weight. "We cannot simply presume the ALJ applied the correct legal standards in considering Dr. [Herndon's] opinion. We must remand because we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion." *Watkins*, 350 F.3d at 1301.

Mr. Wade also contends that the ALJ improperly evaluated his credibility and his subjective allegations of pain. The ALJ set forth the proper criteria for evaluating his subjective complaints, discussed some of the medical evidence and portions of Mr. Wade's testimony, and concluded that "his subjective complaints suggest a greater severity than can be proven by the objective medical evidence." Aplt. App., Vol. 1 at 25. We note, however, that in support of her conclusion the ALJ mischaracterized Mr. Wade's testimony in at least two respects. *See Talbot v. Heckler*, 814 F.2d 1456, 1464 (10th Cir. 1987) (noting ALJ did not challenge claimant's reports of his activities, but instead mischaracterized their nature). First, the ALJ considered the fact that Mr. Wade uses a TENS unit when his pain is severe, which she said "is not often." *Id.* But when the ALJ asked him how frequently his pain was severe, he replied, "It depends on my level of activity. The more I do, the more I hurt usually," and he proceeded to describe his normal level of activity as very limited, including lying down at least once a day for two to three hours. *Id.*, Vol. 2 at 607-08, 611. Second, the ALJ noted that Mr. Wade said he could occasionally lift his 50-pound daughter, but failed to mention that he also said he would have to take pain medication and lie down after doing so. In light of the ALJ's mischaracterization of Mr. Wade's testimony, we direct the ALJ on remand to reevaluate the credibility of his subjective complaints of pain.

We decline to address Mr. Wade's final claim of error with respect to the sufficiency of the evidence supporting the ALJ's RFC determination, as that may be affected by the ALJ's treatment of this case on remand.

The judgment of the district court is REVERSED. We REMAND this case to the district court with instructions to REMAND to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


David M. Ebel
Circuit Judge