FILED
United States Court of Appeals
Tenth Circuit

July 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS R. MARSHALL,

      Petitioner-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social of Security,

      Respondent-Appellee.

No. 07-4245
(D.C. No. 2:06-CV-478-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Dennis R. Marshall, appearing pro se, appeals the district court's affirmance of the Commissioner's denial of his claim for social security disability benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Marshall applied for disability insurance benefits in October 1997, stating that he was unable to work due to a left knee joint replacement, shoulder injuries, elbow problems, spinal disorders, and carpal tunnel syndrome. Because his insured status expired at the end of 1997, Mr. Marshall had to demonstrate that he was disabled during the narrow time period between October 20, 1996 and December 31, 1997. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (determining whether claimant showed disability before "insurance window closed").

Three times, an Administrative Law Judge denied Mr. Marshall's claim and three times, the Appeals Council remanded the case with instructions. After the last remand order, issued March 3, 2005, the third ALJ held another hearing at which Mr. Marshall was represented by counsel. Later, the ALJ issued the fourth order that denied benefits. The Appeals Council denied Mr. Marshall's request for review on May 11, 2006, making the fourth decision the final decision of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). In the district court, Mr. Marshall's attorney challenged the ALJ's compliance with the Appeals Council's final remand order, raising the issues of whether: (1) "the ALJ's failure to evaluate the collateral source statements as the Appeals Council specifically instructed is an error that requires remand" and (2) "the ALJ erred by failing to properly evaluate the treating source opinions." Aplt. R., Vol. IV, Pl.'s

Br. in Supp. of Pet. for Review at 3.  The district court affirmed the Commissioner's decision and Mr. Marshall now appeals to this court, appearing pro se.

II

On judicial review, we construe Mr. Marshall's pro se brief "liberally and [hold it] to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).  Mr. Marshall's appellate arguments do not necessarily parallel the issues his attorney raised in the district court.  Much of his brief is devoted to explanations of his state of mind and contentions that his physicians' comments have been misinterpreted and his physical exertions misconstrued.

To the extent that Mr. Marshall now asks this court either to view the evidence in a light more favorable to him or to address issues not brought to the district court, we must decline his invitation.  It is not our province to "reweigh the evidence [or] substitute our judgment for that of the agency."  *Bowman*, 511 F.3d at 1272 (quotation omitted).  In addition, "absent extraordinary circumstances, we do not consider arguments raised for the first time on appeal." *Hill v. Kan. Gas Serv. Co.*, 323 F.3d 858, 866 (10th Cir. 2003) (quotation

omitted). Thus, we do not address Mr. Marshall's assertions that: (1) he didn't understand the significance of an insured date; (2) defendants unfairly emphasized his physician's notes on pain medications and gave the wrong work-release date; (3) his physician erred in stating that he shoveled snow and willingly filled sand bags; (4) the ALJs and the district court viewed his activities in a biased manner; (5) his period of substantial gainful employment was wrongfully calculated; and (6) the final ALJ failed to understand that he was willing to work if physically able to do so and also neglected to consider his severe impairments in combination.

Mr. Marshall's remaining issue concerns the Commissioner's evaluation of physicians' statements on his residual functional capacity. We examine the ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Bowma*n, 511 F.3d at 1272 (quotation omitted).

Mr. Marshall submitted several medical source statements to support his disability claims. Dr. Trey O'Neal examined Mr. Marshall on March 6, 2004, and determined that his left-knee pain was a "rather significant functioning limiting issue," that his back pain would make "any activities requiring prolonged sitting difficult," and that his right-shoulder pain would limit overhead lifting. Admin. R., Vol. III, at 596-97. Similarly, Dr. Shane Gagon, who had treated Mr. Marshall for pain since January 2001, provided statements in February and

May of 2004. Dr. Gagon opined that Mr. Marshall's pain severely restricted his ability to sit and stand during a normal working day, required him to take frequent breaks and be absent from work more than four times a month, and prevented him from concentrating, tolerating stress, or making decisions. *Id.* at 584-88, 599-600. In June 2005, Dr. David Heiner, Mr. Marshall's orthopedic surgeon, described Mr. Marshall as needing a job which would allow him to shift positions at will and to take unscheduled breaks every half hour. Noting that this opinion was based on the "patient['s] account," Dr. Heiner did not provide an onset date. *Id*. at 697-700.

The ALJ discussed each of the medical opinions in her decision and noted that Drs. Heiner and Gagon were treating physicians. She accorded the opinions little weight, however, because the statements were provided years after the critical date of December 31, 1997. As for Dr. Heiner's opinion, the ALJ also observed that Dr. Heiner's "own notes do not support the determination that the claimant became disabled prior to the date he last became insured for disability insurance benefits." *Id.*, Vol. II, at 34. And the ALJ found that, though Dr. Gagon diagnosed Mr. Marshall with fibromyalgia in 2004, this "was not a medically determinable impairment" during the relevant time. *Id.* at 30.

An ALJ has an obligation to determine whether a treating physician's opinion is entitled to controlling weight or, if not, whether it is entitled to some lesser weight or none at all. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01

(10th Cir. 2003).  The ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.*  (quotation omitted).  The goal is to facilitate meaningful review.  *Id.*

The task of determining Mr. Marshall's condition prior to his last insured date was made more difficult by the repeated remands and resulting delays.  Mr. Marshall's frustration with the process is certainly understandable.  Nevertheless, his claim was given careful consideration:  the ALJ provided good reasons for discounting the medical opinions that were reached years after the period in question.  We now conclude that the Commissioner's final decision followed appropriate legal standards and was supported by substantial evidence.

The judgment of the district court is AFFIRMED.  Mr. Marshall's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Monroe G. McKay
Circuit Judge