FILED
United States Court of Appeals
Tenth Circuit

January 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARMEN I. JELITTO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 12-4087
(D.C. No. 2:11-CV-00235-SA)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Claiming disability, Carmen Jelitto sought supplemental security benefits.

After a hearing, an administrative law judge (ALJ) concluded that Ms. Jelitto is able

to perform light work despite chronic back pain and depression. Because the types of

jobs she can perform exist in significant numbers in the national economy, the ALJ

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied benefits. Ms. Jelitto appealed, but the Social Security Administration upheld the ALJ's decision and, later, so did the district court.

Before us, Ms. Jelitto claims the ALJ gave inadequate weight to the testimony of two of her doctors, Dr. Kelton Lundsberg (her primary care physician and treating doctor) and Dr. Gerald Manwill (a psychologist who performed a single evaluation).

Turning first to Dr. Lundsberg's opinion, a treating doctor's opinion ordinarily deserves "controlling weight." *See* 20 C.F.R. § 416.927 (c)(2). Controlling weight, however, is appropriate only if the treating doctor's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks omitted). The ALJ held Dr. Lundsberg's opinion failed to meet this standard and we cannot disagree. As the ALJ noted, Dr. Lundsberg's progress notes showed that he examined Ms. Jelitto's back only twice in the past four years, and there's no evidence in the record that Dr. Lundsberg conducted any other examinations. The ALJ found this "infrequency of back examinations" to be "striking." Aplt. App., Vol. I at 28.

Ms. Jelitto replies by arguing that Dr. Lundsberg reviewed and relied on work performed by two other doctors, doctors who conducted a number of tests on her back — including an x-ray, two CT scans, an MRI, and a lumbar discography. The difficulty is, Dr. Lundsberg's notes only once reference a CT scan and make no mention of the other tests. *See* Aplt. App., Vol. II at 281. The record thus simply

does not support Ms. Jelitto's claim that he based his opinion on the tests other doctors performed.

At the very least, Ms. Jelitto says the ALJ should have given Dr. Lundsberg's opinion more than the "little weight" he did. In assessing what weight to give a non-controlling medical opinion, an ALJ usually must consider the six factors enumerated in 20 C.F.R. § 416.927(c). *See Watkins*, 350 F.3d at 1300-01. Although Ms. Jelitto disagrees with the outcome of this process, it is apparent that the ALJ considered each of the relevant factors before reaching a final decision. For example, the ALJ noted that Dr. Lundsberg is not a specialist, his opinions are inconsistent with each other, his opinions and functional limitations are not supported by his progress notes, and his reports were prepared for another agency and don't demonstrate an understanding of the Social Security disability program. We see no error in the process or outcome of the ALJ's assessment.

Turning to Dr. Manwill, Ms. Jelitto argues the ALJ didn't give enough weight to Dr. Manwill's psychological opinion. Dr. Manwill diagnosed Ms. Jelitto with a major depressive disorder and post-traumatic stress disorder (PTSD) and concluded she couldn't work at all. The ALJ reviewed Dr. Manwill's evaluation and ordered another examination by Dr. Tanya Colledge, also a psychologist. Dr. Colledge agreed that Ms. Jelitto had a major depressive disorder, but Dr. Colledge believed the depression didn't affect Ms. Jelitto's ability to do work-related activities. Relying on Dr. Colledge's opinion, the ALJ concluded Ms. Jelitto had "slight mental limitations"

— up to a 10% reduction in her ability to concentrate, make complex work decisions, and carry out detailed instructions. Aplt. App., Vol. I at 22. Ms. Jelitto says the ALJ's conclusion was wrong and the ALJ should have used Dr. Manwill's opinion instead.

We cannot agree. The ALJ evaluated both opinions in light of the factors set forth in 20 C.F.R. § 416.927. The ALJ then concluded Dr. Colledge's assessment was entitled to more weight and gave colorable reasons for the decision. For example, Dr. Colledge's opinion was supported by more extensive testing and examination — she performed a more detailed mental status examination and administered three tests to Dr. Manwill's one. Dr. Colledge tested Ms. Jelitto three months after Dr. Manwill, by which time Ms. Jelitto didn't show any specific symptoms of PTSD and scored much higher on the one test Dr. Manwill did administer. Dr. Colledge's tests showed Ms. Jelitto was "able to remember and carry out simple as well as multi-step instructions" and didn't indicate Ms. Jelitto had any particular memory difficulties. Aplt. App., Vol. III at 746.

One might disagree with the ALJ's assessments, but our job is not to reweigh the evidence or substitute our judgment for the ALJ's. Only substantial, not compelling or incontrovertible, evidence is required to sustain an administrative agency's findings. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). That is

present here and it is equally clear the ALJ followed the correct legal standards in evaluating the evidence.  *See id.*  In these circumstances, we must and do affirm.

Entered for the Court


Neil M. Gorsuch
Circuit Judge