**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOY VICTORY,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-7129
(D.C. No. 03-CV-207-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Joy Victory appeals the magistrate judge's order affirming the Commissioner's decision to deny her application for Social Security disability insurance and supplemental security income benefits. [1] Claimant contends on appeal that the administrative law judge (ALJ) did not properly evaluate the opinions of her treating physicians. We agree, and we reverse and remand for further proceedings.

## BACKGROUND

Claimant applied for benefits in 2000, alleging an inability to work since April 8, 1994, due to a herniated disc in her back, a neck fusion, and carpal tunnel syndrome. Following a work injury on April 8, 1994, claimant was diagnosed with disc derangement and spondylosis at three levels in her cervical spine, and a herniated disc. She underwent anterior diskectomy and fusion surgery in August 1995, and underwent another surgery for posterior fusion and posterior wiring in March 1996. [2] She continued to have problems with her lumbar spine, and was

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[2] Claimant was last insured for disability benefits on June 30, 1997. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (stating claimant must establish onset of disability prior to date insured status expired). There is no medical evidence in the record prior to June 30, 1997 other than one report from Dr. Billings. To receive supplement security income benefits, which claimant also seeks, however, she must prove only that she has become disabled. *See Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995).

again diagnosed with disc derangement in her lumbar spine. She has gone to pain management specialists and undergone epidural steroid injections and nerve block injections.

After an administrative hearing at which a vocational expert (VE) testified, the ALJ determined that claimant was not disabled at step four of the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), because she had the residual functional capacity (RFC) to perform a narrow range of light work, and could, therefore, return to her past relevant work as a waitress. The ALJ also determined, in the alternative at step five, that she had the RFC to perform work that was available in the national economy.

This court reviews "the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). Claimant contends that the ALJ failed to follow correct legal standards in evaluating the reports and opinions from her treating physicians. She argues the ALJ made only selective use of the reports from Drs. Billings and Covington, completely ignored the opinions of Drs. Trinidad and Hale, and failed to explain what weight, if any, he afforded these reports. The magistrate judge rejected these claims, stating that the ALJ thoroughly

-3-

reviewed the medical opinions of Drs. Billings, Covington, and Hale. We find no record support for the magistrate judge's conclusion and agree with claimant that the ALJ failed to apply correct legal standards in evaluating the opinion of her treating and examining physicians.

TREATING PHYSICIAN RULE

"According to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). "In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for 'controlling weight.'" *Watkins*, 350 F.3d at 1300. An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*

Even if a treating physician's opinion is not entitled to controlling weight, however, "'[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and

-4-

416.927.'" *Id.* (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *4). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (quotation omitted); *see* 20 C.F.R. §§ 404.1527 and 416.927. After considering these factors, "the ALJ must give good reasons in [the] . . . decision for the weight he ultimately assigns the opinion." *Watkins,* 350 F.3d at 1301 (quotation omitted). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* (quotations omitted).

A. *Dr. Covington* . In reaching his determination that claimant has the RFC to return to her past relevant work as a waitress or to perform other work available in the national economy, the ALJ rejected an opinion from one of claimant's treating physicians, Dr. Covington, with respect to her exertional limitations and physical abilities, and accepted, instead, the opinion of a non-examining state agency physician regarding her exertional limitations. Dr. Covington is a neurosurgeon who examined claimant in March, April, and August 1998, and on March 22, 2001, and received reports throughout 1998 to

2001 from medical specialists to whom he referred her with respect to her medical condition.

On April 3, 2001, Dr. Covington completed a Physician Statement of Physical Abilities, in which he indicated on a checklist that claimant could sit, stand, or walk for only a total of one-to-three hours in an eight-hour workday; could only lift and carry up to ten pounds occasionally; could never push, pull, squat, twist, climb, balance, stoop, kneel, or crawl; could only occasionally reach, and could not use her hands repetitively for simple or firm grasping, fine manipulation, or use of vibrating tools. *See* Aplt. App. at 130. If Dr. Covington's opinion as to claimant's exertional and postural limitations is accurate, claimant is incapable of doing sedentary work, which generally requires sitting for a total of six hours in an eight-hour workday. *See* SSR 96-9p, 1996 WL 374185, at *3, *6 (July 2, 1996). This would be contrary to the ALJ's finding at step four that claimant is capable of performing her past relevant work as a waitress, which the VE characterized as a light exertional-level job, and his finding at step five that she could perform sedentary work with frequent use of her hands for fine manipulation. *See Williams*, 844 F.2d at 751 (explaining that the burden at step five is on Commissioner to show that claimant retains the RFC to perform specific jobs that exist in the national economy).

The ALJ rejected Dr. Covington's opinion, however, and never included the exertional and postural limitations he described in the hypothetical questions the ALJ posed to the VE. The ALJ stated that Dr. Covington's April 3, 2001 statement was brief and conclusory and provided very little explanation of the evidence he relied upon in forming this opinion. The ALJ concluded that Dr. Covington must have relied quite heavily upon claimant's subjective complaints. Instead, the ALJ relied upon a standardized checklist of exertional and postural limitations prepared by a state agency physician, Dr. Woodcock, who reviewed claimant's medical file, but apparently never examined her.

The ALJ's finding that Dr. Covington's opinion was based on claimant's own subjective report of her symptoms impermissibly rests on his speculative, unsupported assumption. *See Langley*, 373 F.3d at 1121 (holding that ALJ may not reject a treating physician's opinion based on speculation). We find no support in the record for the ALJ's conclusion. Nothing in Dr. Covington's report indicates that he based his opinion on claimant's subjective complaints, and the ALJ's finding ignores all of Dr. Covington's examinations, medical tests, and reports. Indeed, the ALJ's discussion of Dr. Covington omits entirely his March 22, 2001 examination and report. [3] His April 3, 2001 statement might well

_____

[3] The Commissioner erroneously argues, as she did before the district court, that Dr. Covington's April 3, 2001 statement should not be given weight because

(continued...)

have been based on his recent first-hand examination and observation of claimant during this examination, performed less than two weeks earlier, rather than on claimant's subjective complaints, as the ALJ speculated. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (noting that the treating physician's opinion may "reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time").

Nevertheless, even assuming that the ALJ properly concluded that Dr. Covington's statement regarding claimant's exertional and postural limitations was not well-supported, and therefore was not entitled to controlling weight, the ALJ was not entitled to completely reject his opinion on this basis alone; rather, he was obligated to consider what lesser weight the opinion should be given, using all of the relevant factors set forth in sections 404.1527 and 416.927. *See Watkins*, 350 F.3d at 1300. The ALJ failed to do so; he never addressed in his decision whether the opinion was entitled to less-than-controlling weight, and he never discussed any of the factors set forth in sections 404.1527 and 416.927. *See Langley*, 373 F.3d at 1120 (finding improper evaluation of treating physician

---

[3](...continued)
he had not examined claimant since August 1998. This statement is not accurate, because the record includes Dr. Covington's March 22, 2001 examination of claimant, *see* Aplt. App. at 134, a fact the Commissioner elsewhere acknowledged in her recitation of the facts, *compare* Aplee. Br. at 21 *with* 8.

opinion where ALJ failed to consider what lesser weight to give opinion and failed to discuss the relevant factors).

Compounding this error, the ALJ improperly discounted Dr. Covington's opinion about claimant's limitations in favor of the opinion of Dr. Woodcock, a non-examining agency physician, who filled out a standardized checklist that provided no better explanation for the basis of the opinions contained therein than Dr. Covington's April 3, 2001 statement. "[T]he opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant." *Williams*, 844 F.2d at 757; *see also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[t]he opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."). The ALJ's task is to examine a non-examining physician's report "to see if it outweighs the treating physician's report, not the other way around." *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988) (quotation omitted). Here, the ALJ gave no reason for rejecting the treating-physician opinion of Dr. Covington in favor of Dr. Woodcock's opinion. Because the ALJ failed to follow the correct legal standards in evaluating Dr. Covington's opinion, which undermines the ALJ's assessment of claimant's

ability to perform either her past relevant work or to do other jobs that exist in the national economy, we must remand for further proceedings.

B. *Dr. Hale* . Dr. Hale is an osteopath to whom Dr. Covington referred claimant for pain management and other treatment. Dr. Hale examined claimant in April, July and November 1998, February and March 1999, and May 2001. The administrative record includes six detailed reports from Dr. Hale describing his examination and treatment of claimant. He diagnosed her with significant degenerative disc disease, limited mobility in her neck and chronic neck pain, and carpal tunnel syndrome. He performed cervical and lumbar discogram diagnostic tests on claimant, prescribed pain medication for her, and gave her epidural steroid injections. Inexplicably, the ALJ's decision makes no mention whatsoever of Dr. Hale's reports or opinions, and gave no reason for disregarding his opinion. [4] This was, of course, clear legal error. *See* 20 C.F.R. §§ 404.1527(d) and 416.927(d) ("Regardless of its source, we will evaluate every medical opinion we receive"); SSR 96-5P, 1996 WL 374183, at *1 ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored."); *see also Watkins* , 350 F.3d at 1301 (repeating well-established rule that treating

---

[4] The ALJ did incorrectly attribute one of Dr. Hale's treatment records to Dr. Covington, but this does not demonstrate, as the magistrate judge concluded, that the ALJ considered Dr. Hale's reports and opinions in accordance with the requirements of sections 404.1527(d) and 416.927(d).

physician's opinion may be disregarded only if specific, legitimate reasons are given); *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988) ("An ALJ may not ignore the evidence and make no findings."). The ALJ's failure to give any consideration to Dr. Hale's medical evidence, to evaluate this evidence by applying the relevant factors to be used in weighing a medical opinion, and to give any specific, legitimate reason for rejecting his opinion was contrary to the requirements of the governing regulations, sections 404.1527(d) and 416.927(d). On remand, the ALJ must consider Dr. Hale's evidence in accordance with the correct legal standards.

C. *Dr. Trinidad*. Dr. Trinidad is an osteopath to whom Dr. Covington referred claimant for examination. He examined claimant only once, on February 16, 2000, and performed range-of-motion and neurological tests on her. He concluded that claimant is permanently and totally disabled. The ALJ made no mention whatsoever of Dr. Trinidad's examination and report in his decision.

"[T]he opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003). Nevertheless, "[e]ven though Dr. [Trinidad] was not a treating physician, the ALJ was still required to consider his opinion, . . . and to provide specific, legitimate reasons for rejecting it." *Id*. at 764 (citing § 416.927(d) and SSR 96-5P, 1996 WL

-11-

374183, at *1).  Again, the ALJ's failure to give any consideration to Dr. Trinidad's medical evidence, to evaluate his evidence by applying the relevant factors to be used in weighing a medical opinion, and to give any specific, legitimate reason for rejecting his opinion was contrary to the requirements of the governing regulations.  *See* §§ 404.1527(d) and 416.927(d).

D.  *Dr. Billings*.  On June 30, 1997, claimant saw Dr. Billings, a neurosurgeon who performed her first surgical procedure, for evaluation of her suitability for a pain management program. Claimant asserts that the ALJ seemed to place more weight on Dr. Billings' observation that she was able to walk quickly and briskly without difficulty than on his diagnosis that she had a back injury.  The ALJ did describe Dr. Billings' report, but he "failed to articulate the weight, if any, he gave Dr. [Billings'] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether." *Watkins*, 350 F.3d at 1301.  On remand, the ALJ must explain the weight he assigns to this medical evidence in accordance with the governing regulations.

The judgment of the district court is REVERSED and REMANDED to the district court with instructions to remand the case to the Commissioner for further proceedings in accordance with this decision.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge