**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTINE SCOTT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No.  04-6099
(D.C. No. 03-CV-359-AR)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , Chief Judge,   **HENRY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Plaintiff-appellant Christine Scott appeals from an order of the district

court affirming the Social Security Administration's decision denying her

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

application for disability and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

Plaintiff claims that she has been unable to work since June 29, 2000, due to swelling and pain in multiple joints, asthma, back pain, and peripheral neuropathy. After her application was denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ). In a decision dated November 27, 2001, the ALJ denied plaintiff's application for benefits, concluding that plaintiff was not disabled. The ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work and, therefore, was able to perform her past relevant work as a nurse's aide, social service aide, donut maker, cashier/checker, and housekeeper. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

In a very thorough nineteen-page opinion, the district court affirmed the Commissioner's denial of benefits. Because the district court accurately summarized plaintiff's medical history, we do not need to repeat it here.

STANDARD OF REVIEW

We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the Commissioner's factual findings are supported by substantial evidence in the record. *Id*. at 760. "Substantial evidence

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). This court may "neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

TREATING PHYSICIAN'S OPINION

Plaintiff contends on appeal that the ALJ failed to give appropriate consideration to her treating physician's opinion. "In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for 'controlling weight.'" *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight when it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id*. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*

Even if a treating physician's opinion is not entitled to controlling weight, it is "still entitled to deference and must be weighed," *id.* at 1300, using the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

-3-

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id*. at 1301 (quotations omitted). "After considering [these] factors, the ALJ must give good reasons in [his] . . . decision for the weight he ultimately assigns the opinion." *Id*. (quotation omitted).

Here, plaintiff's treating physician, Dr. Butcher, drafted a letter expressing his opinion regarding that plaintiff should lift no more than five pounds frequently or ten pounds occasionally, should avoid more than occasional reaching, handling and fingering, would require rest breaks of ten-fifteen minutes every hour, and must be allowed to alternate between sitting and standing as needed. Dr. Butcher did not describe any clinical or laboratory findings from which he derived his opinions concerning plaintiff's limitations, however.

The ALJ thoroughly discussed all of Dr. Butcher's medical evidence, but did not give controlling weight to Dr. Butcher's opinion as to plaintiff's functional limitations because they were "not supported by objective medical findings," and were "inconsistent with [other] specific objective clinical and laboratory findings [in the medical record]." Aplt. App. at 19. The ALJ gave numerous, specific, and legitimate reasons for this finding, which we conclude are

supported by the record. We find nothing to support plaintiff's assertion that the ALJ was merely making speculative inferences about the medical record.

We further conclude that the ALJ adequately considered the *Watkins* factors in his decision. He discussed the length of plaintiff's treatment relationship with Dr. Butcher, as well as the nature and extent of that relationship. He thoroughly discussed the degree to which Dr. Butcher's opinions were and were not supported by relevant evidence, as well as the inconsistencies between Dr. Butcher's opinions and the record as a whole, and we find ample record support for the ALJ's findings in these regards. Nor did the ALJ act improperly in giving greater weight to the consulting-physician opinion of Dr. Dougherty regarding plaintiff's functional limitations than to Dr. Butcher's opinion, because the ALJ's finding that Dr. Dougherty's opinion was supported by objective clinical findings is a legitimate reason and is supported by the record.    *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992) (it is within the province of the ALJ to weigh the medical evidence and discount it for specific and legitimate reasons); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (ALJ may resolve conflicting medical evidence).

We conclude that the ALJ's decision provides legally sufficient and factually supported reasons for rejecting Dr. Butcher's opinions.  The judgment of the district court is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge