**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VIRGINIA YOUNG,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 04-7076
(D.C. No. 03-CV-438-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Virginia Young appeals from a district court order affirming the Social Security Commissioner's decision denying her application for disability insurance benefits under the Social Security Act. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

**I.**

Plaintiff applied for disability insurance benefits alleging inability to work since October 1999 due to pain from arthritis in both shoulders, deteriorating discs in her lower back, and wrist damage.[1] In her brief to this court she also asserts other medical problems, such as migraine headaches, shortness of breath, palpitations, digestive and urinary complaints, diverse musculoskeletal pain, depression, and anxiety.

Plaintiff's application for benefits was denied initially and on reconsideration, and a hearing was held in October 1999 before an administrative law judge (ALJ). In a decision dated January 14, 2000, the ALJ denied Plaintiff's application for benefits at step four of the five-step sequential evaluation process for determining disability. *See* 20 C.F.R. § 404.1520. In April 2002, however, the District Court for the Eastern District of Oklahoma issued an order remanding

---

[1] Plaintiff's application stated that she became unable to work on March 30, 1998. At the hearing held on October 28, 1999, however, she amended the alleged onset date to October 1, 1998, the date her unemployment benefits expired. In her appellate brief she asserts that she has been disabled since October 28, 1999 (the same day as the hearing).

the case to the Commissioner to re-evaluate Plaintiff's medical records and then make specific findings regarding her residual functional capacity (RFC) measured against the demands of her past relevant work as a sewing machine operator.

Upon remand the ALJ held a second hearing, with testimony from Plaintiff and a vocational expert (VE). In a decision dated February 24, 2003, the ALJ determined that Plaintiff has a severe impairment or combination of impairments, particularly lumbar degenerative joint disease and generalized osteoarthritis. But the ALJ found that her allegations concerning the degree of her limitations were not totally credible in light of the medical record. The ALJ concluded that Plaintiff retained the RFC to perform light work requiring stooping only occasionally and that her past relevant work of sewing machine operator met these requirements.[2] Accordingly, the ALJ again determined that claimant was not disabled at step four of the five-step sequential evaluation process.

In June 2003 the Appeals Council issued a detailed and specific denial of Plaintiff's request for review. Plaintiff then filed a complaint in the district court, which affirmed the denial of her application. This appeal followed.

---

[2] This classification of Plaintiff's past relevant work as sewing-machine operator was based on the testimony of the VE. Some confusion has been injected into the record by an examining physician's report stating that Plaintiff had done "heavy manual work" in the past. Aplt. App. at 177.

Because the Appeals Council denied review, the ALJ's second decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 416.1484(b)(2). In reviewing the Commissioner's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we determine only whether the correct legal standards were applied and whether the ALJ's factual findings are supported by substantial evidence in the record. *See Doyal*, 331 F.3d at 760.

In this appeal Plaintiff claims that the ALJ committed reversible error by (1) failing to give controlling weight to the opinions of her treating physicians and (2) failing to determine her RFC properly. Plaintiff's arguments are without merit.

**A.    Treating Physicians' Opinions**

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic

techniques" and (2) "consistent with other substantial evidence in the record."  *Id.*

(internal quotation marks omitted).  "[I]f the opinion is deficient in either of these

respects, then it is not entitled to controlling weight."  *Id.*

Even if a treating physician's opinion is not entitled to controlling weight,

"[t]reating source medical opinions are still entitled to deference and must be

weighed using all of the factors provided in 20 C.F.R. § 404.1527."  *Id.* (internal

quotation marks omitted).  The factors include:

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or
> testing performed; (3) the degree to which the physician's opinion is
> supported by relevant evidence; (4) consistency between the opinion
> and the record as a whole; (5) whether or not the physician is a
> specialist in the area upon which an opinion is rendered; and (6) other
> factors brought to the ALJ's attention which tend to support or
> contradict the opinion.

*Id.* at 1300-01 (internal quotation marks omitted).  After considering these factors,

the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.

20 C.F.R. § 404.1527(d)(2).  "Finally, if the ALJ rejects the opinion completely,

he must then give specific, legitimate reasons for doing so."  *Watkins* , 350 F.3d at

1301 (internal quotation marks omitted).

Here, Plaintiff alleges error in the ALJ's handling of form medical source

statements completed by Dr. Jose Pabilona on November 2, 1999,  and by

Dr. Victoria Pardue on August 5, 2002.   Dr. Pabilona essentially stated that

beginning in 1997 Plaintiff was unable to perform full-time work at any exertional level. In "describ[ing] the principal, clinical and laboratory findings and symptoms or allegations (including pain)" which supported this conclusion, Dr. Pabilona listed a hospitalization for back pain in 1997 (before Plaintiff's alleged onset date), "all kinds of lab and x-ray studies" showing deteriorating discs, and prescriptions for pain medications. Aplt. App., Tab 4 at 211.

The ALJ's decision reviewed Plaintiff's medical records and determined that he could not give much weight to Dr. Pabilona's statement. The ALJ gave quite specific reasons for this determination: (1) that Dr. Pabilona was not the admitting or consulting physician during the 1997 hospitalization; (2) that the attending physician actually was concerned about kidney infection and possible bowel disorder rather than pain of musculoskeletal etiology; (3) that x-rays showed only mild to moderate degenerative changes; and (4) that Dr. Pabilona, as a general practitioner and clinical gynecologist, is not particularly well-qualified to give an assessment of Plaintiff's orthopedic status . The ALJ also generally noted that "Dr. Pabilona's records fail[ed] to reflect any specific examination findings." Supplemental App. at 260.

The ALJ conducted a similar evaluation of Dr. Pardue's disability assessment, in which Dr. Pardue opined that Plaintiff's "[e]xtreme pain in upper & lower extremities" significantly limited her capabilities and required her to lie

-6-

down during the normal workday. *Id.* at 412. The ALJ considered the pertinent factors in light of the medical records, noting that (1) Dr. Pardue had not often treated Plaintiff for her complaint of back and lower extremity pain; (2) Dr. Pardue saw Plaintiff mainly for the renewal of prescriptions (including prescriptions for pain medications); (3) Dr. Pardue referred Plaintiff to other physicians, resulting in unremarkable diagnostic tests and evaluations; and (4) the primary basis for Dr. Pardue's opinion was Plaintiff's subjective description of her condition. He then determined that Dr. Pardue's opinion was not substantiated by the clinical and diagnostic findings reflected in her treatment records.

The evidence supports the ALJ's determination to assign insignificant weight to the opinions of Dr. Pabilona and Dr. Pardue. *See Hamilton v. Sec'y of Health & Human Servs* ., 961 F.2d 1495, 1498 (10th Cir. 1992) (stating that it is within the province of the ALJ to weigh the medical evidence and discount it for specific and legitimate reasons). We find no basis for Plaintiff's argument that the ALJ ignored parts of the physicians' medical records, interjected his own medical opinion, or made speculative inferences. Furthermore, we conclude that the ALJ adequately considered the requisite factors in his decision. In short, the ALJ's decision provides factually supported and legally sufficient reasons for rejecting the treating physicians' opinions.

**B.** **Residual Functional Capacity Assessment**

Plaintiff claims that in determining that she could perform light work requiring only occasional stooping, the ALJ incorrectly assessed her RFC. The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. *See* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence. *See* 20 C.F.R. §§ 404.1527(e)(2); 404.1545(a)(3); 404.1546(c).

According to Plaintiff, the RFC assessment is in error because the ALJ failed to include all the physical limitations set out in the opinions of her treating physicians and the report of the examining physician, Dr. Charles T. Marrow. We have already rejected Plaintiff's claim that the ALJ erred in evaluating the opinions of her treating physicians. And contrary to Plaintiff's contention, the ALJ carefully discussed Dr. Marrow's report of his examination, including his final impression that "although claimant was unsuitable for 'heavy manual work' she was a suitable candidate for vocational training" in "'sedentary type work.'" Supplemental App. at 261 (quoting Marrow report, Aplt. App., Tab 4 at 177). As the ALJ explained, "Dr. Marrow was not asked to provide a specific functional capacity analysis," it was "uncertain what he meant by the term 'sedentary,'" and

there was "no compelling evidence upon which to conclude that Dr. Marrow ruled out claimant for 'light' work." *Id.* *See also* S.S.R. 96-5p, at *5. ("Adjudicators must not assume that a medical source using terms such as 'sedentary' and 'light' is aware of our definitions of these terms.").

Having reviewed the evidence concerning Plaintiff's severe impairments, including her lower back pain, we conclude that the ALJ's RFC determination is supported by substantial evidence.

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge