**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHARON SHERMAN,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 05-7120
(D.C. No. CIV-04-373-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

Plaintiff Sharon Sherman appeals the district court's affirmance of the

defendant Social Security Commissioner's denial of supplemental security income

(SSI) benefits. She argues that (1) the ALJ's residual functional capacity (RFC)

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

assessment failed to include all of her mental limitations and (2) the ALJ improperly assessed her credibility. We exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

Ms. Sherman sought SSI benefits as of June 4, 2002, alleging disability due to low blood pressure, low back pain, arthritis in her feet, a mood disorder, and a personality disorder. The claim was denied initially and on reconsideration. After holding an evidentiary hearing, the administrative law judge (ALJ) found that Ms. Sherman's affective mood disorder and history of alcohol and drug abuse were severe impairments. The ALJ denied SSI benefits at steps four and five of the sequential evaluation process, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps), after finding that Ms. Sherman had the physical RFC to perform work at all exertional levels, restricted by her mental RFC to understand, remember and carry out only concrete, simple instructions; her inability to have contact with the general public; and her limited ability to have contact with supervisors or co-workers. Given her mental RFC limitations, the ALJ determined that Ms. Sherman could perform her past work as a hemmer, as well as a number of other jobs in the national economy, including housekeeper, partition assembler, and bagger jobs. The Appeals Council denied Ms. Sherman's request for review, making the ALJ's decision the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On

judicial review, the district court adopted the magistrate judge's recommendation and affirmed the denial of benefits. Ms. Sherman appeals.

Like the district court, we review the ALJ's decision only to determine whether the correct legal standards were applied and whether the ALJ's factual findings were supported by substantial evidence. *Id.* at 760.

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's.

*Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (quotations and citations omitted).

*I. RFC Assessment/Proper Weighing of Treating Physician's Opinion*

Ms. Sherman first argues that the ALJ failed to include in the RFC assessment all of her mental limitations noted by her treating physician, Dr. Williams, and, thereby, failed to properly weigh Dr. Williams' opinion. A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and if it is "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotation omitted).

Dr. Williams' opinion was not well-supported by his treatment notes. Dr. Williams expressed his opinion in a Medical Source Statement form assessing

-3-

Ms. Sherman's mental RFC and indicated that she was markedly limited in most areas of functioning. This assessment form is a check-the-boxes form, and Dr. Williams provided no written explanation for the limitations he assessed. He prepared the form after the dates of his very brief and superficial treatment notes. These notes suggest that Ms. Sherman's mental health improved after she began taking medication, and she was coherent and logical, had no gross cognitive defects, and was not psychotic. The Medical Source Statement form, "standing alone, unaccompanied by thorough written reports or persuasive testimony, [is] not substantial evidence" that Ms. Sherman is unable to work. *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). The ALJ therefore appropriately declined to give the opinion reflected by the form "any significant weight" because it was "not supported by [Dr. Williams'] medical records." Aplt. App., tab 4 at 22; *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (deciding ALJ may reject treating physician's opinion when physician's office notes did not support opinion that claimant was disabled).

In addition, the ALJ correctly noted that Dr. Williams' opinion was not supported by the other mental health medical evidence in the record. That evidence–Dr. Crittenden's thorough report discussing his in-depth consulting

-4-

psychological examination,[1] which included testing, and Dr. Goodrich's assessment of the medical records–indicated that Ms. Sherman was not disabled. Because Dr. Williams' opinion was not well-supported and was not consistent with the other medical evidence, we conclude the ALJ correctly did not give Dr. Williams' opinion controlling weight.

Because Dr. Williams' opinion was not entitled to controlling weight, the ALJ was required to weigh his opinion based on the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (quotation omitted). As the magistrate judge recognized, the ALJ addressed the third and fourth factors when implicitly deciding that Dr. Williams' opinion was not entitled to controlling weight. The ALJ also discussed the first, second, and sixth

---

[1] Dr. Williams' treatment notes contain little detail, do not suggest that he performed any tests, set forth no history, amount to only five pages of the administrative record, and contain a lot of blank spaces on those five pages. Aplt. App., tab 4 at 126, 127, 192, 193, 194. In comparison, Dr. Crittenden's report is a five-and-a-half page single-spaced narrative, containing much detail and describing the tests he conducted. *Id.* at 129-34.

factors when discussing Ms. Sherman's five visits with Dr. Williams. The ALJ therefore considered all of the *Watkins* factors but the fifth one. Under the facts presented here, Dr. Williams' specialty was not relevant to the ALJ's weighing analysis.[2]

Overall, the ALJ gave good reasons for not giving significant weight to Dr. Williams' opinion and agreeing only with his opinion that Ms. Sherman could understand, remember, and carry out simple instructions; could have no contact with the general public; and could have limited contact with supervisors and co-workers. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (requiring ALJ to give good reasons for weight given to treating physician's opinion). Accordingly, we conclude that the ALJ properly assessed Ms. Sherman's RFC.

II. *Credibility*

Ms. Sherman argues that the ALJ did not properly evaluate her credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (quotation omitted). We, however, may review to ensure that the ALJ's factual findings underlying the

---

[2] At the ALJ's hearing, Ms. Sherman's counsel was uncertain whether Dr. Williams was a board-certified psychiatrist. Aplt. App., tab 4 at 244.

credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett*, 395 F.3d at 1173 (quotation omitted).

The ALJ determined that Ms. Sherman's mental health problems could be expected to produce limitations in her ability to perform basic work activities, but not to the extent she alleged in her subjective complaints. Specifically, the ALJ noted that Ms. Sherman had not been hospitalized since her alleged disability onset date, no treating or examining physician or mental health professional has stated that she is disabled or has imposed any limitations on her ability to work, the medication she takes muzzles the voices she hears, Dr. Crittenden's and Dr. Goodrich's assessments do not support her subject complaints, and she admitted during her testimony that she can take care of her personal needs, fix her meals, do her laundry, keep her apartment clean, visit with a neighbor, take care of dogs, read, attend church, tend to three small flower gardens near her apartment, and shop for groceries. After setting forth this specific evidence, the ALJ concluded that Ms. Sherman's "allegations about the severity of her impairments are . . . credible only to the extent that they are supported by the objective medical reports from her treating and examining physicians/mental health professionals." Aplt. App., tab 4 at 27. We agree with the magistrate judge that the ALJ's specific findings were linked to the evidence. *See Qualls v.*

*Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (deciding ALJ's credibility assessment met legal standards when ALJ set forth specific evidence relied on in evaluating credibility).  Accordingly, we defer to the ALJ's credibility analysis.

Because the ALJ's denial of SSI benefits is supported by substantial evidence in the administrative record and because the ALJ applied correct legal standards, we AFFIRM the judgment of the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge