FILED
United States Court of Appeals
Tenth Circuit

March 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NELLIE G. LOPEZ,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant-Appellee.

No. 09-2187
(D.C. No. 1:07-CV-00932-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

Claimant Nellie G. Lopez appeals from the district court's order affirming

the decision of the Social Security Commissioner to deny her application for

supplemental security income (SSI) benefits. We exercise jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and conclude that the Administrative

Law Judge (ALJ) failed to follow the correct legal standards in considering the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

opinions of two of Ms. Lopez's treating physicians. Accordingly, we REVERSE and REMAND for further proceedings.

## Background

Ms. Lopez was 33 years old at the time of the Commissioner's final decision. She has a high school education and has worked as a cashier. She applied for SSI on November 19, 2002, alleging an inability to work since November 12, 2002, due to bad knees, a bad back, and pain and stiffness in her right hand. The agency denied her application initially and on reconsideration, after which she requested and received a hearing before an ALJ. The ALJ denied benefits on February 11, 2005. On administrative review, however, the Appeals Council vacated the ALJ's decision and remanded the matter, instructing the ALJ to do the following: (1) to consolidate with the remanded claim a claim that Ms. Lopez had filed in 2005; (2) to obtain additional evidence from her treating physicians; and (3) to consider their opinions in accordance with applicable agency regulations and Social Security Rulings.

On remand, the same ALJ conducted a hearing and denied benefits on October 27, 2006. At step one of the familiar five-step sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009), the ALJ found that Ms. Lopez had not engaged in substantial gainful activity since her alleged onset date. At steps two and three, she found that Ms. Lopez suffered from a "severe combination of impairments" (specifically, degenerative disc disease of

the lumbar spine with herniated discs and chronic low back pain; chondromalacia in both knees; and a major depressive disorder) but that her impairments did not meet or medically equal one of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Aplt. App., Vol. II at 18. At step four, the ALJ found Ms. Lopez "not entirely credible" and determined that she retained the residual functional capacity (RFC) to occasionally lift twenty pounds and frequently lift ten pounds; to stand or walk up to two hours in an eight-hour day; to sit for up to six hours in an eight-hour day; and to "occasionally stoop, squat, crouch, kneel, climb or balance." *Id.* at 18-19.[1] She also found Ms. Lopez "unable to push/pull with [her] lower extremities" and "unable to understand, remember, and carry[] out complex job instructions." *Id.* at 19. Notwithstanding, the ALJ decided that Ms. Lopez was not disabled because she could return to her past work as a cashier. Continuing on to step five, the ALJ concluded, apparently in the alternative, that Ms. Lopez was not disabled because, considering her age, education, work experience, and RFC, she could make a successful adjustment to other work that exists in significant numbers in the national economy.

---

[1] We note that although the ALJ specifically stated that Ms. Lopez retained the RFC to perform "sedentary work," Aplt. App., Vol. II at 18, 23, this limitation is likely "a typographical error," as the Commissioner suggests, because the lifting, standing, and walking limitations the ALJ articulated are consistent with light work, not sedentary work, and because the ALJ propounded a hypothetical to the vocational expert that defined Ms. Lopez's RFC "as light work," Aplee. Br. at 11, n.5 (citing 20 C.F.R. § 416.967(b) (light work), and Aplt. App., Vol. III at 456-61).

Because the Appeals Council declined to review Ms. Lopez's appeal of the ALJ's October 27, 2006, decision, that decision is the Commissioner's final decision for purposes of our review. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). The district court, with a magistrate judge presiding by consent of the parties, 28 U.S.C. § 636(c), affirmed. This appeal followed.

## Discussion

Ms. Lopez raises three allegations of error. She asserts the ALJ failed to follow the prescribed standards for evaluating her treating physicians' opinions, erroneously relied on a vocational expert's testimony, and improperly assessed her credibility and subjective complaints of pain.

We review the Commissioner's decision to discern whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *Poppa*, 569 F.3d at 1169.

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . [A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal.

*Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (citations and quotations omitted). "Although we do not reweigh the evidence or try the issues de novo, we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the

substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citation omitted). In so doing, we evaluate the decision "based solely on the reasons stated in the decision," and we will not engage in a "post hoc effort to salvage the ALJ's decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted).

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted). First, the ALJ must determine whether the treating physician's opinion is entitled to controlling weight. *Id.* Even if a treating physician's opinion is not entitled to controlling weight, it is "still entitled to deference and *must be weighed* using all of the factors provided in 20 C.F.R. § . . . 416.927." *Id.* (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *4 (emphasis added)). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (quotation omitted). "After considering the pertinent factors, the ALJ must give good reasons . . . for the weight [s]he ultimately assigns the opinion."

*Id.* (quotation omitted).[2]  "Finally, if the ALJ rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so."  *Id.* (quotations omitted).

Ms. Lopez argues that the ALJ did not follow this protocol in evaluating the opinions of Dr. Davis, her treating orthopedic surgeon, and Dr. Jain, her treating neurologist.  The Commissioner counters that the ALJ properly found their opinions "not entitled to controlling weight."  Aplee. Br. at 16.  We side with Ms. Lopez, as set forth below.

**Dr. Davis**

In a social security disability questionnaire completed by Dr. Davis on August 24, 2006, he indicated that he had first examined Ms. Lopez in February 1997 and he had last examined her in August 2006.  He reported that she had a history of an open tibia plateau fracture and listed a diagnosis, based on x-rays, of internal derangement with sensitivity laterally/medially.  He opined that walking, standing, pushing, sitting, lifting, pulling, carrying, and fine manipulation would

---

[2]      Although an ALJ's failure to "explicitly discuss all the . . . factors" may not prevent this court from performing a meaningful review, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered all of the factors in her weight calculation.  *See* 20 C.F.R. § 416.927(d)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in . . . this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188, at *4 (explaining that even when the treating source's opinion is not entitled to controlling weight it is "still entitled to deference and must be weighed using *all of the factors* provided in 20 CFR . . . 416.927" (emphasis added)).

be "significantly limited" by Ms. Lopez's impairments. Aplt. App., Vol. III at 356. He found she could occasionally lift and/or carry a maximum of five pounds, stand up to one hour in an eight-hour day, walk up to one hour in an eight-hour day, and sit for up to four hours in an eight-hour day. He stated that every thirty minutes she must alternate between sitting and standing or walking. He found that although she could use her arms/hands for repetitive actions such as reaching, pushing/pulling, simple grasping, and fine manipulation, she could not use her lower extremities for repetitive actions such as operating foot/leg controls. He also found Ms. Lopez could "never" bend, squat, kneel, crawl, or reach above shoulder level. *Id.* at 358. The end of the questionnaire set forth the Social Security Administration's definition of "[s]edentary work" and asked "whether the claimant [could] perform sustained sedentary work activity 8 hours a day, 5 days a week, 50 weeks per year." *Id.* at 359. Dr. Davis said she could not.

The ALJ detailed Dr. Davis's August 24 report in her discussion of the medical evidence, and indicated that she had "considered" Dr. Davis's opinion that Ms. Lopez is "unable to work," *id.*, Vol. II at 22. In that regard, the ALJ stated:

> Dr. Davis indicated in his report dated August 24, 2006, limitations that are inconsistent with his prior treatment of the claimant. Dr. Davis had indicated that the claimant's bilateral knees had good range of motion and strength. . . . . The question of disability is a matter reserved for the Commissioner[.] . . . While normally controlling weight would be given to an opinion of disability from a treating physician, it is not entitled [to controlling weight] if it is

inconsistent with other substantial evidence of record. . . . The [August 24 report] that Dr. Davis . . . submitted . . . [is] inconsistent and not supported by the overall medical evidence.

*Id.*

Ms. Lopez takes issue with the ALJ's discussion of Dr. Davis's opinion, arguing that the ALJ failed to specify what weight, if any, she assigned his opinion, and that the reasons she gave for either discounting or rejecting his opinion are not supported by substantial evidence. In response, the Commissioner submits that "[a]lthough the ALJ did not give Dr. Davis'[s] opinion controlling weight, [s]he did give it *some weight* . . . ." Aplee. Br. at 17 (emphasis added). That may be so. But we have no way to know what weight she gave Dr. Davis's opinion because she "failed to articulate [what] weight, if any," she assigned to it. *Watkins*, 350 F.3d at 1301. Indeed, the ALJ's omission is underscored by the Commissioner's next contention—that the ALJ "gave supported reasons for *rejecting*" Dr. Davis's opinion. Aplee. Br. at 18 (emphasis added). We disagree. The ALJ's reasons for either discounting or rejecting Dr. Davis's opinion are not supported by substantial evidence. The medical evidence the ALJ cited regarding Ms. Lopez having a "good" or "full" range of motion, pertains to Ms. Lopez's *right* knee only. Aplt. App., Vol. II at 19 (citing Exhibit 6F). And, nowhere in

Dr. Davis's 2004 medical reports did he state that "the claimant's bilateral knees had good range of motion and strength."  *Id.* at 20.[3]

**Dr. Jain**

On October 14, 2004, Dr. Jain documented Ms. Lopez's complaints of low back pain that radiated into her left foot.  He indicated that another neurosurgeon had recommended surgery for Ms. Lopez's L5/S1 disk herniations and that she had failed two epidural injections.  He diagnosed Ms. Lopez with "Right L5/S1 radiculopathy due to mild central disk herniation [on] MRI of [the] lumbosacral spine and stenosis of lateral recess."  *Id.* at 202.  He also indicated that Ms. Lopez was "disabled due to weakness and pain of right leg.  Due to disk herniations."  *Id.*

The ALJ summarized Dr. Jain's October 14 medical record in her discussion of the medical evidence and said she had "considered" Dr. Jain's

---

[3]     We note that on December 4, 2002, a treating physician opined that Ms. Lopez had a "full range of motion at the . . . knees," and her knees' "Motor Power" was a "5/5." Aplt. App., Vol. II at 158-59.  However, it does not appear that the ALJ relied on this evidence in either discounting or rejecting Dr. Davis's opinion.

opinion that Ms. Lopez is "unable to work." *Id.* at 22.[4]  The ALJ concluded:

> I find that Dr. Jain['s] opinion that the claimant was disabled due to disc herniations to be inconsistent with the medical evidence.  The question of disability is a matter reserved for the Commissioner[.] . . .  While normally controlling weight would be given to an opinion of disability from a treating physician, it is not entitled [to controlling weight] if it is inconsistent with other substantial evidence of record. . . .  The [October 14, 2004, and September 9, 2005, reports] that Dr. Janis [sic]. . . submitted . . . are inconsistent and not supported by the overall medical evidence.

*Id.*

Again, Ms. Lopez takes issue with the ALJ's discussion of her treating physician's opinion, arguing that the ALJ should have explained what weight, if any, she assigned to Dr. Jain's opinion, and that the reason she gave for apparently discounting his opinion—that it was inconsistent with the medical evidence—was not supported by substantial evidence.  The Commissioner

---

[4]      The ALJ also referred to a report from Dr. Jain "dated September 9, 2005," Aplt. App., Vol. II at 21, but the ALJ did not refer to it by exhibit number and we were unable to locate it.  In any event, the September 9 report, according to the ALJ, reflected that

> Dr. Jain . . . had treated the claimant for lower back pain, due to herniated discs at L5/S1.  Further she had pain in her back that radiated down to her legs causing weakness, and causing her to experience . . . urinary incontinence.  Dr. Jain stated that the claimant had a CT-Guided nerve block, which had been unsuccessful . . . .  In addition, Dr. Jain stated that the claimant was not a candidate for surgery and stated that at this time she was . . . disabled due to disc herniations.

*Id.*

-10-

responds that Dr. Jain's opinion is not entitled to controlling weight because his conclusion is tantamount to an opinion that she is disabled, which is an issue reserved to the Commissioner. Regarding that specific point, the Commissioner is correct.[5] However, the ALJ still was required "to articulate [what] weight, if any," she assigned to Dr. Jain's opinion. *Watkins*, 350 F.3d at 1301; *see also* SSR 96-5p, 1996 WL 374183, at *3 ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. . . . If the . . . record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the . . . record to determine the extent to which the opinion is supported by the record."). The ALJ did not do so. Moreover, the ALJ did not identify what medical evidence was "inconsistent" with Dr. Jain's opinion. Aplt. App., Vol. II at 22.

## Conclusion

The ALJ in this case failed to articulate what weight, if any, she gave the opinions of Dr. Davis and Dr. Jain, and her asserted reasons for either discounting

---

[5]     *See* 20 C.F.R. § 416.927(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); SSR 96-5p, 1996 WL 374183, at *5 (stating that medical source opinions that a claimant is "'disabled' or 'unable to work[]' . . . . must not be disregarded [but] . . . . they can never be entitled to controlling weight").

or rejecting their opinions are not supported by substantial evidence. Accordingly, we must remand. *See Watkins*, 350 F.3d at 1300, 1301.[6]

The district court's judgment affirming the ALJ's decision is REVERSED and this case is REMANDED to the district court with instructions to REMAND it to the Commissioner for further proceedings in accordance with this decision.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[6] We decline to reach the other issues raised on appeal because they may be affected by the ALJ's treatment of the case on remand. *See Robinson*, 366 F.3d at 1085.