FILED
United States Court of Appeals
Tenth Circuit

December 12, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONNA R. SATERLEE,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant-Appellee.

No. 11-5054
(D.C. No. 4:09-CV-00532-TLW)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

Plaintiff Donna R. Saterlee appeals from an order of the district court,

issued by the magistrate judge on consent of the parties under 28 U.S.C. § 636(c),

affirming the Commissioner's decision to deny social security disability and

supplemental security income benefits. This court independently reviews the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Commissioner's decision to determine whether it is free of legal error and supported by substantial evidence. *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we reverse and remand for the reasons explained below.

## AGENCY DECISION

The Administrative Law Judge (ALJ) denied benefits at the last step of the five-step process for determining disability. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing five-step process). At step one, the ALJ noted Ms. Saterlee had not engaged in substantial gainful activity since July 1, 2005, the alleged disability onset date. At step two, the ALJ found Ms. Saterlee "has the following severe impairments: diabetes mellitus, chronic venous stasis of the lower extremity and borderline intellectual functioning." App. Vol. 2 at 10. The ALJ noted she "also alleges numbness in the hands," but found this condition "medically nondeterminable." *Id.* at 11. At step three, the ALJ held Ms. Saterlee's condition did not meet or equal any of the conclusively disabling impairments listed in 20 C.F.R. 404, Subpart P, App. 1. *See* App. Vol. 2 at 11-12. At step four, the ALJ found Ms. Saterlee has the residual functional capacity (RFC) for a limited range of sedentary work, precluding her past work. *Id.* at 12, 17. Specifically, the ALJ found Ms. Saterlee's impairments leave her with

> the residual functional capacity to occasionally lift and/or carry 10
> pounds, frequently lift and/or carry up to 10 pounds, stand and/or

walk at least 2 hours out of an 8-hour workday, sit for at least 6
hours out of an 8-hour workday and perform simple repetitive tasks.

*Id.* at 12. Finally, the ALJ concluded at step five that Ms. Saterlee is not disabled because, "[c]onsidering [her] age, education [high school], work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform"–i.e., the jobs of clerical mailer and semi-conductor assembler identified by the vocational expert (VE) who testified at the evidentiary hearing. *Id.* at 18. The Appeals Council denied review of the ALJ's decision, making it the Commissioner's final decision.

## CHALLENGES TO AGENCY DECISION

Ms. Saterlee argues that the ALJ erred by (1) improperly rejecting her hand impairment as medically nondeterminable at step two and consequently not including it in the RFC that formed the basis of the dispositive hypothetical to the VE; and (2) failing to perform a proper credibility analysis in determining that complaints of limitations other than, or in excess of, those later included in the RFC were not credible. We agree that the ALJ's rationale for rejecting a hand impairment rested on an erroneous characterization of the medical record, and we decline to consider post-hoc rationales offered by the Commissioner to reach a similar result on grounds not relied on by the ALJ. Issues regarding the ALJ's extant credibility analysis may well be obviated by proceedings on remand, and we elect not to issue an advisory opinion on such matters.

The ALJ rejected Ms. Saterlee's complaints of hand numbness at step two because, the ALJ stated, "the medical evidence does not show any documentation of this allegation and [it] is therefore considered medically nondeterminable." App. Vol. 2 at 11. But an exhibit of Ms. Saterlee's more recent medical records showed that her treating physician had diagnosed her with likely bilateral carpal tunnel syndrome (CTS) and prescribed splints for treatment. App. Vol. 3 at 343. And this diagnosis was based not just on Ms. Saterlee's subjective complaints of pain and tingling in her hands but on a clinical diagnostic technique, i.e., positive Phalen's signs. *Id.* at 342. In short, the ALJ was undeniably wrong about the lack of documented medical evidence of a condition that could give rise to the alleged numbness, undercutting the categorical rejection of such an impairment on this threshold basis. This point is of particular significance where, as here, an unskilled claimant is found capable only of sedentary work: "'[m]ost unskilled sedentary lobs [including the two identified by the VE in response to the ALJ's hypothetical omitting any limitation on hand use] require good use of the hands and fingers for repetitive hand-finger actions.'" *Hayden v. Barnhart*, 374 F.3d 986, 989 n.6 (10th Cir. 2004) (quoting SSR 83-10, 1983 WL 31251, at *5 (1983)); *see also* SSR 96-9p, 1996 WL 374185, at *8 (July 2, 1996).

The Commissioner attempts to save the ALJ's decision by arguing that, in light of other evidence in the record, the one instance of diagnosis and treatment overlooked by the ALJ does not fatally undermine the ALJ's finding that there

was no medically determinable hand impairment and that, in any event, the record as a whole supports a finding that there is no functional limitation associated with the diagnosed impairment. Disposition of this case on the first point would entail an assessment and rejection of a treating physician's medical opinion, a process governed by detailed regulations prescribing a structured analysis that has never been carried out—in particular by the ALJ. *See generally Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). The ALJ did not evaluate and reject the physician's opinion; the ALJ erroneously denied that any medical evidence of a hand impairment even existed. Even if the Commissioner's present argument followed through the prescribed regulatory steps (it does not), it would not afford a basis for affirming the ALJ's decision, which "should be evaluated based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (holding adoption of "post hoc effort to salvage the ALJ's decision [as to analysis of treating physician opinion] would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process" (internal quotation omitted)).

The second rationale for affirmance proposed by the Commissioner, regarding the degree of functional limitation associated with the impairment diagnosed by the treating physician, fares no better. Having (erroneously) found, as a threshold matter, that no medically determinable hand impairment existed, the ALJ had no occasion to determine any associated functional limitation, as

only medically determinable impairments are considered in the analysis of RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see* 42 U.S.C. § 423(d)(1)(A), (3). Thus, the Commissioner is once again attempting to justify the ALJ's decision on the basis of an improper post hoc justification. Further, even if the ALJ had determined, as an alternative basis for discounting the hand impairment at a later stage in the sequential analysis, that Ms. Saterlee's complaints did not reflect any credible work-related limitation, such a determination would still have been tainted by the very error the Commissioner's proffered rationale seeks to obviate. The ALJ's mistaken view that there was no medical evidence of an underlying condition to create the symptoms Ms. Saterlee complained of would necessarily (and improperly) have weighed against the credibility of such complaints. *See, e.g.*, *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (holding it was proper to rely on lack of diagnosis and treatment in rejecting credibility of claimant's complaints).

This matter must be remanded for an administrative decision that properly accounts for all of the evidence of record, in particular the medical evidence of a hand impairment completely overlooked by the ALJ. Such evidence could affect the RFC determination in a manner that our precedent and the Commissioner's own rulings acknowledge is of special significance in cases like this involving unskilled claimants limited to sedentary work.

The judgment of the district court is REVERSED and the case is REMANDED to the district court with directions to remand in turn to the Commissioner for further proceedings consistent with this decision.

Entered for the Court


Wade Brorby
Senior Circuit Judge