FILED
United States Court of Appeals
Tenth Circuit

December 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMBY ELKINS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 11-7037
(D.C. No. 6:09-CV-00431-FHS-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Amby Elkins seeks social security disability benefits. She says she suffers

from degenerative disc disease, rheumatoid arthritis, tendinitis, and depression.

The combination of these conditions, she argues, renders her essentially incapable

of performing any work. An administrative law judge, however, rejected

Ms. Elkins's petition. On the basis of medical evaluations by independent

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

physicians, he concluded that Ms. Elkins's testimony regarding the severity of her impairments was not credible. Ms. Elkins appealed but the Social Security Administration's Appeals Council denied review, and a district court later affirmed. Now before us, Ms. Elkins says there are four reasons why we must reverse.

First, she argues that the ALJ erred in failing to find her disabled at step three of the five-step disability evaluation process prescribed by 20 C.F.R. § 416.920. At step three, the ALJ must consider all of the potentially applicable listed impairments and explain whether the claimant's condition satisfies the listing. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Ms. Elkins claims that the ALJ erred because he didn't consider Listing 1.04(A), which concerns certain disorders of the spine. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. § 1.04 A. But even if the ALJ's failure to consider Listing 1.04(A) was error, it was harmless error in light of the ALJ's findings at subsequent steps in the disability evaluation process where he expressly addressed Ms. Elkins's claimed spinal disorders. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005). At step five, for example, the ALJ found that Ms. Elkins's back pain was not severe, that any degeneration of the spine may be a "normal variant" for a woman of Ms. Elkins's age, and that there was no evidence of "neurological deficits" — findings that suffice to negate the existence of a spinal impairment under Listing 1.04(A). Confirming the harmless nature of any error here,

Ms. Elkins presented no evidence of nerve-root compression, one of the requirements of Listing 1.04(A).  Her failure to satisfy all of the listing's criteria means that she cannot prevail at step three as a matter of law.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Second, Ms. Elkins argues that the ALJ erred by failing to give controlling weight to the opinions of her treating physician, Thomas Osborn, D.O.  An ALJ, however, does not have to give controlling weight to the testimony of a treating physician if that testimony is "not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record."  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted).  That is the case here.  The ALJ assigned Dr. Osborn's opinion "little weight" because it was contradicted by the objective physical evidence in the case and by his own prescribed treatment regimen.  Dr. Osborn testified that Ms. Elkins could sit, stand and walk less than one hour per work day, could barely use her arms and legs, and would never work again.  But as the ALJ noted, a patient with such severe debilitations would require 24 hour home care, a far more drastic remedy that Dr. Osborn's prescribed treatment — painkillers.  And although x-ray evidence showed some spinal degeneration, other experts testified that the damage was not severe and that Ms. Elkins's pain was partially psychosomatic.

Third, Ms. Elkins says the ALJ erred in finding that her testimony concerning her impairments wasn't credible. But we grant significant deference to the ALJ's credibility findings so long as the ALJ explains the basis of his decision. *See White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001). The ALJ did that here. He concluded that her complaints were exaggerated and he supported his decision with substantial medical evidence, including x-rays showing only moderate degeneration, the absence of observable manifestations such as weight loss or muscular atrophy, and expert testimony that Ms. Elkins's condition could be addressed through physical therapy. Likewise, the ALJ noted that Ms. Elkins's demeanor at the hearing suggested an absence of extreme pain. Certainly, the record also contains evidence that might support a different conclusion, but it is primarily the ALJ's task, not ours, to weigh it. *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

Finally, Ms. Elkins challenges the ALJ's residual functional capacity assessment because it failed to account for the fact that she uses a cane. But though Ms. Elkins on occasion uses a cane, she presented no evidence that the cane was medically necessary. And without such evidence, the ALJ had no obligation to address the cane in his residual functional capacity assessment. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that inquiries to the vocations expert to make a residual functional capacity assessment "must include all (and only) those impairments borne out by the evidentiary record").

The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge