**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERESA A. RUSSELL,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 11-6320
(D.C. No. 5:10-CV-00848-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

Teresa A. Russell appeals from the district court's order upholding the denial

of her application for Social Security Disability Insurance benefits. We have

jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

An administrative law judge (ALJ) found that Ms. Russell suffers from

autoimmune deficiency disorder, chronic fatigue syndrome, rheumatoid arthritis, and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sjogren's syndrome. But based on the medical evidence in the record, and testimony from Ms. Russell and a vocational expert, the ALJ concluded that Ms. Russell had the residual functional capacity to perform light work and, thus, was able to return to her past work as claims processor. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (describing five-step-evaluation process). The Appeals Council denied review, and the district court affirmed.

On appeal, Ms. Russell argues that the ALJ failed to properly weigh the evidence from her treating physician, Dr. Leslie. He opined in 2008 that Ms. Russell had "features of mixed connective tissue disease" that met the criteria to be considered presumptively disabled under Listing § 14.06, which addresses undifferentiated connective tissue disease. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.00(D)(5)(a) (Listing § 14.06) ("This listing includes syndromes with clinical and immunologic features of several autoimmune disorders, but that do not satisfy the criteria for any of the [autoimmune] disorders described [in the preceding listings]."). Ms. Russell also argues that the ALJ was obligated to ask Dr. Leslie to provide additional information about her condition before according his opinion less than controlling weight.

A treating physician's opinion that a claimant is disabled is not dispositive because that is the ultimate issue for the ALJ to decide. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Further, an ALJ is not required to give controlling weight to the opinion of a claimant's treating physician if

- 2 -

it is "not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks omitted).

That is what the ALJ concluded here. The ALJ explained that he considered Dr. Leslie's opinion probative, but not controlling, because it was not substantiated by clinical findings and was inconsistent with other evidence in the record. The ALJ gave specific reasons for this conclusion, as he is required to do. *See id*. at 1301. The ALJ noted that Dr. Leslie's report, which was written more than two years after the date Ms. Russell was last insured for disability, provided only minimal examination findings and did not reference medical signs, symptoms, or findings for the time period in when Ms. Russell was insured. The ALJ noted that during the time Dr. Leslie treated Ms. Russell prior to the date she was last insured, his treatment notes state that the medication he prescribed for her symptoms was effective.

The ALJ found that Dr. Leslie's opinion was inconsistent with other medical evidence, and gave as an example the detailed physical examination of Ms. Russell by a consulting physician, who stated Ms. Russell had a full range of motion, full motor strength in her arms and legs, normal hand grip strength and good use of her hands, and a normal, unassisted, stable gait. The ALJ also noted other medical evidence that reflected a negative rheumatoid arthritis factor and normal x-rays.

The record supports the ALJ's observations and conclusions with respect to his consideration of the factors used to determine the weight of a medical opinion. Dr. Leslie's treatment notes are, as the ALJ found, minimal, his opinion lacked objective or laboratory support, and he did not document the symptoms and conditions identified by the Commissioner as necessary for a determination of disability. *See* Listing § 14.06 and SSR 99–2p, 1999 WL 271569, at *2 (evaluation of cases involving chronic fatigue syndrome). The record also supports the ALJ's conclusion that Dr. Leslie's report was inconsistent with the other substantial medical evidence.

Ms. Russell argues that Dr. Leslie's opinion is not supported by clinical findings because impairments such as chronic fatigue syndrome do not rely upon objective measurements, and that "there is no dipstick laboratory test" for chronic fatigue syndrome. Aplt. Opening Br. at 16. To the contrary, under the Commissioner's regulations, an ALJ may only determine that chronic fatigue is a disabling condition "when it is accompanied by medical signs or laboratory findings." SSR 99–2p, 1999 WL 271569, at *2.

We conclude that the ALJ's decision not to give controlling weight to Dr. Leslie's opinion was adequately explained, is supported by substantial evidence, and is free from legal error.[1] *See Wilson*, 602 F.3d at 1140 (noting that we review the

---

[1]    Ms. Russell concedes that the consultative examination did not support, and was not "consistent" with, Dr. Leslie's opinion, but she argues for the first time on

(continued)

Commissioner's decision to determine whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied").

We also reject Ms. Russell's contention that the ALJ was obligated to re-contact Dr. Leslie to get additional information about his 2008 report. *See* 20 C.F.R. § 404.1512(e)(1) (2008)[2] (requiring ALJ to re-contact a medical source "when the report from [a claimant's] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). She asserts the ALJ should have re-contacted him before inferring that Ms. Russell's impairments would likely have worsened from 2005 (when she was last insured) to 2008 (when Dr. Leslie opined on the severity of her impairments), and before giving Dr. Leslie's opinion less weight because it was unsupported by clinical evidence. But "it is not the rejection of the treating physician's opinion that triggers the duty to re-contact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty." *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001)

appeal that it was not "inconsistent" with Dr. Leslie's opinion. We do not address this argument because it was not presented to the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

2        This provision was amended and recodified, effective February 2012, at 20 C.F.R. § 404.1520b(c)(1) and (2)

(brackets and internal quotation marks omitted).  Here, the ALJ did not find Dr. Leslie's evidence incomplete or in need of clarification; he simply found it unsupported and inconsistent with the medical evidence viewed in its entirety.  Thus, the ALJ was not obligated to re-contact Dr. Leslie.  *See id.*

The judgment of the district court is affirmed.  Ms. Russell's motion to proceed in forma pauperis is granted.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge